UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH B. RIVERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 2:19-cv-00319-GZS ) |
| CUMBERLAND COUNTY SHERIFF, et al., | ) ) ) |
| Defendants | ) ) |

**RECOMMENDED DECISION ON SHOW CAUSE ORDER**

On July 10, 2019, Plaintiff filed a complaint (ECF No. 1), but did not pay the filing fee or file a motion to proceed in forma pauperis. On July 11, 2019, the Court ordered Plaintiff to pay the $400 filing fee or file a completed in forma pauperis application. (Order, ECF No. 2.)

Plaintiff subsequently filed a request to proceed in forma pauperis (ECF No. 3), which request the Court granted. (Order, ECF No. 4.) In the order granting the request, the Court directed Plaintiff to notify the Court "no later than August 20, 2019, whether he intends to incur the cost of the filing fee [as set forth in the order] and proceed with this action, or whether he intends to forego this litigation at this time." (Order at 2, ECF No. 4.)

Because Plaintiff failed to comply with the order, on September 3, 2019, the Court ordered Plaintiff to show cause as to why he had not complied with the Court's order. (Order, ECF No. 5.) In the order, the Court established September 17, 2019, as the date by which Plaintiff must show cause. (*Id.*) The Court advised Plaintiff that if he failed to show cause, the Court could dismiss the complaint. (*Id.*) The order was sent to Plaintiff at the address Plaintiff

1

provided at the commencement of this matter,[1] but was returned to the Court as undeliverable. (ECF No. 6.)

As Plaintiff has not responded to the Order to Show Cause, has not notified the Court of his intent to proceed, and has not informed the Court of a new address or contact information, I recommend the Court dismiss the matter.

## DISCUSSION

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders. Here, Plaintiff has (a) failed to comply with the Court's order directing him to notify the Court whether he intends to proceed, which order was sent to Plaintiff and not returned to the Court, and (b) failed to show cause in accordance with the Court's Order to Show Cause. (ECF No. 5.) Plaintiff thus has failed to comply the Court's orders and has otherwise failed to prosecute his claim.

Furthermore, to the extent Plaintiff is no longer an inmate at the Cumberland County Jail, Plaintiff has not apprised the court of his location or contact information. Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information. *United States v. Guerrero*,

---

[1] At the time he filed the complaint, Plaintiff was an inmate at the Cumberland County Jail in Portland, Maine.

302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication.")

Given Plaintiff's failure to comply with the Court's orders, his failure otherwise to prosecute the matter, and his failure to inform the Court of his new contact information, dismissal is warranted.

## DISCUSSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of October, 2019.